In the Matter of GEORGE S. KRAYEM, an Infant.

Surrogate's Court, Ulster County, January 6, 1942.

*Andrew J. Cook,* for the petitioner.

*John F. Murray* and *Robert T. Murray,* for the respondents.

FLEMMING, S. This is an application for the appointment of a general guardian of the person and property of an infant two and one-half years of age. The application is made to this court by the paternal grandparent, and is opposed by the maternal grandparents.

The question of jurisdiction has been raised. On December 23, 1939, the infant resided with his father and mother in the city of Buffalo. On that date the family motored to Kingston, N. Y., to visit the paternal grandparents. On December 25, 1939, the infant and its parents went to Troy, N. Y., to visit the maternal grandparents. The father of the infant, accompanied by his brother, left Troy en route to Buffalo, by automobile. Both met their death in an accident. The same night the mother of the infant, upon receiving news of her husband's death, was taken ill, and died January 8, 1940, at Troy, N. Y. The mother was buried January 12, 1940. Two days following the funeral the paternal grandparents went to Troy and brought the infant to their home in Kingston, N. Y., where he has since resided. The maternal grandparents contend that the infant was to stay in Kingston for a period of two years. The paternal grandparents assert that the infant was to remain with them until he grew up.

Before the death of the parents, the infant's residence or domicile was in Buffalo, N. Y. Upon the death of the father, the domicile of the mother was the infant's domicile. Her death followed her husband's death so soon that the Buffalo residence still remained. The father's estate was administered in Erie county. The arrangement made between the maternal and paternal grandparents as to the custody of the infant resulted in the infant's becoming a resident of Ulster county, and a member of the paternal grandparents' household, for a period in excess of one year. Under the circumstances, the court has jurisdiction. (Surr. Ct. Act, § 174.)

The court, notwithstanding the form in which the application may come, has the duty of appointing as the general guardian of the person and property of an infant a party or parties that will, all of the circumstances considered, promote the best interests of the infant. The infant has reached an age where the problems with which the grandparents were confronted immediately following the death of the mother are, to a certain extent, obviated. There is no question but that the grandparents on both sides have a strong affection for the grandchild.

The estate of the child is estimated at $4,000, and the court is satisfied that the control of this fund does not in any way enter into the position taken by the parties on either side. The grandparents have shown consideration for each other, and each in turn, a deep interest in the welfare of the grandchild. In the home of either the paternal or maternal grandparents the child would be well cared for, and furnished all that could be desired in educational advantages. There are no differences between the parties in so far as religious opportunities that will be afforded.

The maternal grandparents visited the infant regularly, with but one or two exceptions, traveling from Troy to Kingston usually on Sunday of each week.

The infant in the instant case is fortunate in having grandparents on both sides vitally interested in his welfare, and it would undoubtedly be in his best interest that the relationship existing and the interest shown in his behalf should not be broken or severed, but rather fostered and continued.

This is one of the exceptional cases that calls for the appointment of the petitioner and of a coguardian, in the person of Peter Lamb, the maternal grandparent.

In reaching this conclusion I have been guided by the practice followed in *Matter of Lamb* (139 N. Y. Supp. 685) and in *Matter of Thorne* (126 Misc. 96).

A decree may be entered providing that letters issue to Salim Krayem and Peter Lamb, upon filing a bond in the sum of $4,000, and taking and subscribing the necessary oath and designation.

In the event that the parties do not agree upon a reasonable division of the periods of actual custody of the infant, application may be made to the court, upon notice, for further instructions in regard thereto.